# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

UNITED STATES,

v.   3:12-cr-74 (WWE)

OGMAN, et al.

## MEMORANDUM OF DECISION ON PENDING MOTIONS

This case is a multi-defendant case concerning alleged federal narcotics and conspiracy offenses against eighteen defendants. Various defendants have filed pretrial motions, in which the Court has reviewed and makes the following rulings:

### Motions in Limine re: Prior Misconduct

Under Federal Rules of Evidence 404(b), other prior acts of misconduct by a defendant may be admissible if such evidence is relevant for some other purpose than to show criminal propensity. United States v. Germosen, 139 F.3d 120, 127 (2d Cir. 1998). The Government represents that it has not determined whether it will seek to introduce evidence of prior bad acts or crime, which determination depends upon how the trial proceeds. Accordingly, the Court will deny the motions in limine without prejudice to renewal.

### Motion in Limine to Preclude Officer Expert Testimony

The Government has explained that it intends to use the officer expert to testify as to drug dealing operations and the meaning of certain terms and jargon used by narcotics traffickers. Such testimony falls with the prescription for use of expert law enforcement agents as stated in United States v. Mejia, 545 F.3d 179, 191 (2d Cir.

1

2008) ("the operations of narcotics dealers are a proper subject for expert testimony under Fed. R. Evid. 702 ... where the subject matter of the testimony is beyond the ken of the average juror."). The Government states that it does not intend to allow the expert officer to testify beyond the limits of Mejia. Accordingly, the motion in limine to preclude expert officer testimony will be denied.

Motion to Suppress

Defendant Donald Ogman seeks to suppress "all evidence, including all evidence obtained through intercepted calls placed or made from" telephones he used during the investigation. Ogman maintains that the pre-authorization recordings were obtained in violation of law and therefore the evidence related to the intercepted calls should be excluded pursuant to Section 2515, which provides that "[w]henever any wire or oral communication has been intercepted, no part of the contents of such communication and no evidence derived therefrom may be received in evidence in any trial ... if the disclosure of that information would be in violation of this chapter. However, Section 2511(2)(c) provides that "[i]t shall not be unlawful under this chapter for a person acting under color of law to intercept a wire, oral, or electronic communication, where such person is a party to the communication or one of the parties to the communication has given prior consent to such interception."

In this instance, part of the probable cause for the wiretap on his telephones derived from telephone conversations held between him and a confidential source. This confidential source had previously consented to the recording of the calls by the FBI, and special agents of the FBI recorded the calls. Accordingly, the recording of the

conversations was lawful pursuant to Section 2511 and exclusion pursuant to 2515 is not warranted. The motion to suppress will be denied.

Motion in Limine Re: Use of Line Notes

The Government represents that it does not intend to offer any agents' notes regarding the content of intercepted conversations. This motion will be denied.

## Conclusion

For the foregoing reasons, the motions in limine to preclude prior misconduct [docs. # 78, 178, 279, 292, 286, and 300] are DENIED without prejudice; the motion in limine to preclude [doc. #82] is DENIED; the motion to suppress [doc. # 303] is DENIED; and motion in limine re: use of line note [doc. #307] is DENIED.

Dated this 4th day of October 2012 at Bridgeport, Connecticut.

s/Warren W. Eginton

Warren W. Eginton
Senior United States District Judge

3