```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT
```

|  |  |
|---|---|
| ANNAMARIE DOE<br>"last name uncertain,<br>649 others" | |
| v. | CIV. NO. 3:12CV1474(WWE) |
| ELECTORS FOR THE<br>STATE OF CONNECTICUT | |

## RECOMMENDED RULING

Plaintiff Annamarie Doe brings this civil rights action under 42 U.S.C. §1983 <u>pro se</u> and <u>in forma pauperis</u> against defendants the Electors for the State of Connecticut alleging a violation of the 14th Amendment, Section 3 to the United States Constitution and 18 U.S.C. §241.[1]

---

[1] 18 U.S.C §241 states,

> If two or more persons conspire to injure, oppress, threaten, or intimidate any person in any State, Territory, Commonwealth, Possession, or District in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States, or because of his having so exercised the same; or
>
> If two or more persons go in disguise on the highway, or on the premises of another, with intent to prevent or hinder his free exercise or enjoyment of any right or privilege so secured—
>
> They shall be fined under this title or imprisoned not more than ten years, or both; and if death results from the acts committed

STANDARD OF REVIEW

Consideration of whether a <u>pro se</u> plaintiff should be permitted to proceed under 28 U.S.C. §1915 is a two-step process. The court must first determine whether the plaintiff may proceed with the action without prepaying the filing fee in full. 28 U.S.C. §1915(a). Second, section 1915 requires the court to conduct an initial screening of the complaint to ensure that the case goes forward only if it meets certain requirements.  "[T]he court shall dismiss the case at any time if the court determines that . . . the action . . . is frivolous or malicious; . . . fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. §1915(e)(2)(B)(i) - (iii).

> An action is "frivolous" when either: (1) "the 'factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy;" or (2) "the claim is 'based on an indisputably meritless legal theory.'"  <u>Nance v. Kelly</u>, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam) (quoting <u>Neitzke v. Williams</u>, 490 U.S. 319,

---

> in violation of this section or if such acts include kidnapping or an attempt to kidnap, aggravated sexual abuse or an attempt to commit aggravated sexual abuse, or an attempt to kill, they shall be fined under this title or imprisoned for any term of years or for life, or both, or may be sentenced to death.

> 327, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d
> 338 (1989). A claim is based on an
> "indisputably meritless legal theory" when
> either the claim lacks an arguable basis in
> law, Benitez v. Wolff, 907 F.2d 1293, 1295
> (2d Cir. 1990) (per curiam), or a
> dispositive defense clearly exists on the
> face of the complaint. See Pino v. Ryan, 49
> F.3d 51, 53 (2d Cir. 1995).

Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998). The court construes pro se complaints liberally. See Haines v. Kerner, 404 U.S. 519, 520 (1972). Thus, "when an in forma pauperis plaintiff raises a cognizable claim, his complaint may not be dismissed sua sponte for frivolousness under § 1915 (e)(2)(B)(i) even if the complaint fails to 'flesh out all the required details.'" Livingston, 141 F.3d at 437 (quoting Benitez, 907 F.2d at 1295). The court exercises caution in dismissing a case under section 1915(e) because a claim that the court perceives as likely to be unsuccessful is not necessarily frivolous. See Neitzke v. Williams, 490 U.S. 319, 329 (1989).

In addition, "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim," the court should permit "a pro se plaintiff who is proceeding in forma pauperis" to file an amended complaint that states a claim upon which

relief may be granted. <u>Gomez v. USAA Federal Savings Bank</u>, 171 F.3d 794, 796 (2d Cir. 1999).

<u>DISCUSSION</u>

Doe brings this action pursuant to §1983, which creates a federal cause of action against any person who, under color of state law, deprives a citizen or a person within the jurisdiction of the United States of any right, privilege, or immunity secured by the Constitution or laws of the United States. 42 U.S.C. §1983. Plaintiff also brings this action on behalf of approximately six hundred and thirty other persons whose mental health cases were considered in the 12th Judicial Circuit for Manatee County Florida Court and whose rights were alledgedly violated by the State of Florida.[1]

<u>Fourteenth Amendment Violation</u>

Plaintiff alleges, among other things, that President Barack Obama "is bound by the Supremacy Clause of the Constitution, namely to halt fundamental rights abuses, and

---

[1] Plaintiff filed a thirty page Complaint along with a twenty-seven page exhibit. [Doc. #1]. On May 24, 2012 Circuit Judge Smith entered a Final Judgment of Simplified Dissolution of Marriage in <u>William Riethmiller v. AnnaMarie Riethmiller</u>, 09DR010430 (FL 12th Cir. Ct. May 24, 2012). It is this order that plaintiff contends "is concrete evidence of extreme fundamental individual and women's rights violations prohibited by the Supremacy Clause of the United States Constitution." [Doc. #1-2]. She contends that President Obama is an ineligible candidate for president because, among other things, he failed to "immediately halt fundamental rights abuses protected by the Supremacy Clause of the United States of America when be become (sic) aware of such criminal and other abuses against the Petitioners by State and Federal government officials exceeding their power or failing to exercise their duties, and Obama failed to bring the victims of such fundamental abuses to safety." [Doc. #1-1 at 3, ¶25].

Obama failed to do so even when he had full knowledge of the harm." [Doc. #1-1 at 3, ¶19]. Defendant is the "Electors for the State of Connecticut, Secretary of State, c/o the Governor." Id. at 3. Plaintiff seeks "to have this court declare that Barack Hussein Obama . . . is [in]eligible to be a candidate on the ballot for the November 2012 Presidential Election and that the Presidential Electors of this State be interdicted to vote for him should he be on the November 2012 General Election or any future ballot." Id. at ¶21.

In order to hold the defendant personally liable for a constitutional violation pursuant to Section 1983, the plaintiff must show that defendant was personally involved in the alleged violation of her Fourteenth Amendment rights. See Back v. Hastings on Hudson Union Free Sch. Dist., 365 F.3d 107, 122 (2d Cir. 2004) ("in this Circuit personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under [Section] 1983"). Here, plaintiff does not identify by name any defendant in the State of Connecticut who caused plaintiff's injuries. The Court finds that the Fourteen Amendment claim must be dismissed because plaintiff does not allege sufficient personal involvement by a defendant to support a 14th Amendment claim under Section 1983.

Collateral Estoppel

Plaintiff states that she filed related cases in the "Office of the Circuit [E]xecutive Complaint 11-12-90202 and Judicial Complaint No: DC12-90041, United States Supreme Court 11-5659, United States Supreme Court: 11-10350," [doc. #1, at 11] and Tampa Middle District Court, 12th Judicial Circuit for Manatee County Florida, Eleventh District Court of Appeal, and the District of Columbia, Id. at ¶¶5, 8, alleging the same or similar violations.

The doctrine of collateral estoppel provides that, "[w]hen an action between two parties terminates in a valid judgment, a later action between the parties may be affected[,] [and possibly barred,] even though it involves a different claim or cause of action." Levy v. Kosher Overseers Ass'n of America, Inc., 104 F.3d at 41 (2d Cir. 1997); see also Parklane Hosiery Co., Inc. v. Shore, 439 U.S. 322, 326 (1979).

In the Second Circuit, to apply the doctrine of collateral estoppel to bar litigation of an issue, (1) the issue in both proceedings must be identical, (2) the issue in the prior proceeding must have been actually litigated and actually decided, (3) there must have been a full and fair opportunity for litigation in the prior proceeding, and (4) the issue previously litigated must have been necessary to support a valid

and final judgment on the merits.  Gelb v. Royal Globe Ins. Co., 798 F.2d 28, 44 (2d Cir. 1986); see also Central Hudson Gas & Elec. Corp. v. Empresa Naviera Santa S.A., 56 F.3d 359, 368 (2d Cir. 1995).

On the current record, the Court is unable to assess whether this cause of action is barred by the doctrine of collateral estoppel.

For the foregoing reasons, this complaint lacks merit and is clearly "frivolous" within the meaning of 28 U.S.C. § 1915(e)(2)(B)(I).  Despite the mandate to proceed with caution and leniency when considering whether to dismiss a case under section 1915(e), this case should be dismissed.

CONCLUSION

The Complaint **[Doc. #1]** is **DISMISSED**.  See 28 U.S.C. §1915(e)(2)(i).

Any objections to this recommended ruling must be filed with the Clerk of the Court within fourteen (14) days of the receipt of this order.  Failure to object with fourteen (14) days may preclude appellate review.  See 28 U.S.C. § 636(b)(1); Rules 72, 6(a) and 6(e) of the Federal Rules of Civil Procedure; Rule 72.2 of the Local Rules for United States Magistrate Judges; Small v. Secretary of H.H.S., 892 F. 2d 15 (2d Cir.

7

1989)(per curiam); <u>F.D.I.C. v. Hillcrest Assoc.</u>, 66 F. 3d 566, 569 (2d Cir. 1995).

ENTERED at Bridgeport, this 31st day of October 2012.


_____/s/_____
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE