```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT
```

|  |  |  |
|---|---|---|
| UNITED STATES | : | |
| | : | |
| v. | : | CIV. NO. 3:12CR74 (WWE) |
| | : | |
| DONALD OGMAN ET AL | : | |

## RULING ON PRETRIAL MOTIONS

A pretrial conference was held on October 9, 2012, to discuss the pending motions and a trial schedule. At the conference, the parties indicated that there were no pending issues regarding receipt and/or management of discovery materials. Jury selection before Judge Eginton was scheduled for December 4, 2012, for the first of what could be several trials.

**Background**

On April 9, 2012, following a long-term investigation that included the use of court-authorized wiretaps, a grand jury returned a multi-count indictment charging eighteen (18) individuals with various federal narcotics offenses, including conspiracy to possess with intent to distribute crack, in violation of 21 U.S.C. §§841(a)(1)(possession and distribution of narcotics) and 846 (conspiracy to distribute and to possess narcotics).[1] Several of the defendants, Donald Ogman, Derrick

---

[1] Several defendants have pleaded guilty since April.

1

Brock, Lamont Reed, Anaje Amin, Cornell Streater, Romell Brown, Romell Brown, Edward Prezioso, Richard Mason, and Clayton Carney, filed various standard discovery and pre-trial motions.[2] For the reasons that follow, all of the motions are denied.

### A. <u>Motions to Dismiss, or in the Alterative, For Bills of Particulars [doc. ##232, 283, 287, 290]</u>

Defendants Ogman, Brock, Prezioso and Streater argue that Count One of the indictment is defective because it fails to provide defendants with notice of the particular manner and means by which the conspiracy allegedly operated, of the specific acts allegedly done in furtherance of the conspiracy, or the roles of the various co-conspirators. The motions contend that the Government fails to provide sufficient specificity in the indictment regarding their participation in the alleged conspiracy.  However, the Second Circuit has held that an indictment under 18 U.S.C. §846 "is sufficient if it alleges a conspiracy to distribute drugs, the time during which the conspiracy was operative and the statute allegedly violated, even if it fails to allege any specific overt act in furtherance of the conspiracy." <u>United States v. Bermudez</u>, 526 F.2d 89, 94 (2d Cir. 1975). The indictment here includes all of these allegations, and thus is sufficiently specific.

Defendants further argue that if Count One is not dismissed, they are entitled to a bill of particulars identifying the basis for, among other things, the allegation of

---

[2] Judge Eginton will rule on the Motion to Suppress, Motions to Sever and Motions in Limine.

conspiracy, the dates on which each co-conspirator joined the conspiracy, all overt acts not identified in the indictment, and each defendant's alleged participation in each overt act.

The decision to grant or deny a request for a bill of particulars is "reviewed for an abuse of discretion." United States v. Walsh, 194 F.3d 37, 47 (2d Cir. 1999). "A bill of particulars is required "only where the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused." Id. (citation omitted). As set forth above, the indictment was satisfactory in this respect.

"The proper scope and function of a bill of particulars is not to obtain disclosure of evidence or witnesses to be offered by the government at trial, but to minimize surprise, to enable movant to obtain such ultimate facts as are needed to prepare his defense, and to permit a defendant successfully to plead double jeopardy if he should be prosecuted later for the same offense." United States v. Feola, 651 F. Supp. 1068, 1132 (S.D.N.Y. 1987) (citing cases). Further, "[b]ecause a bill of particulars confines the government's proof to particulars furnished, requests for a bill of particulars should not be granted where the consequence would be to restrict unduly the government's ability to present its case." Id. (citing cases). "The test is not whether the particulars sought would be useful to the defense. Rather a more appropriate inquiry is whether the information in question is necessary to the defense." United

States v. Guerrerio, 670 F. Supp. 1215, 1224 (S.D.N.Y. 1987) (citations omitted, emphasis in original).

"[A] bill of particulars is not necessary where the government has made sufficient disclosures concerning its evidence and witnesses by other means." Walsh, 194 F.3d at 47. Here, the government has provided a "wealth of evidentiary detail" to defendants including, but not limited to, the FBI reports of investigation (i.e. FBI-302s); wiretap applications, affidavits and orders; audio of calls intercepted during the wiretap phase of the underlying investigation, and summaries of the content of each call created at the time of interception (i.e. line sheets and/or draft transcripts). [Doc. #313 at 2-]; United States v. Deas, No. 3:07-cr-73 (CFD), 2008 WL 5063903, at *3 (D. Conn. Nov. 24, 2008). The Court finds that the government has provided defendants with enough evidence in discovery to prepare their defense. To find otherwise would confine the government's proof to particulars furnished, thereby "restricting unduly the Government's ability to present its case." Feola, 651 F. Supp. at 1132 ((citations omitted); Guerrerio, 670 F. Supp. at 1224-25 ("A bill of particulars, however, is not a discovery tool and is not intended to allow defendants a preview of the evidence or the theory of the government's case."). Defendants have not shown that the particulars sought are necessary to their defense.

Accordingly, defendants' motions for an order dismissing Court One, or alternatively, for an order directing the

Government to file a Bill of Particulars **[doc. ##232, 283, 287, 290]** are **DENIED**.

B. **Motions for Disclosure of Statements of Co-Conspirators [doc. ## 80, 181, 278, 288, 298]**

Defendants Carney, Amin, Mason, Prezioso and Reed move for disclosure of the identity and substance of those co-conspirators statements that the government intends to use at trial. It is established in the Second Circuit that co-conspirator statements are not discoverable. United States v. Percevault, 490 F.2d 126 (2d Cir. 1974)(finding Jencks Act, 18 U.S.C. §3500, prohibited the disclosure of such statements prior to the declarants' testimony in the government's case-in-chief and disclosure is not compelled by Fed. R. Crim. P. 16(a)); United States v. Shyne, 617 F.3d 103, 107-8 (2d Cir. 2010) (finding Fed. R. Evid 806 does not trump the "express language of the Jencks Act which states that no disclosure is warranted until 'said witness has testified on direct examination in the trial of the case.'"). Moreover, the government has already disclosed to defendants thousands of co-conspirator statements which were intercepted during the wiretap phase of the investigation. Defendants do not direct the Court to any Second Circuit cases to support their argument under Fed. R. Evid 801(d)(2)(E).

Accordingly, defendants' Motions for Disclosure of Statements of Co-Conspirators **[doc. ##80, 181, 278, 288, 298]** are **DENIED**.

C. **Request for Notice of Intention to Use Evidence of Prior Misconduct, Fed. R. Evid. 404(b) [doc. #289]**

Defendant Prezioso moves for disclosure and notice of evidence of prior misconduct which the government intends to use in its case in chief. The government states that it "has not made a determination that it will offer 404(b) evidence as to any of the defendants." [Doc. #313 at 8]. Each defendant has been provided with a copy of his criminal history and has been advised that, depending on the circumstances as they evolve as trial approaches, any criminal conviction in their criminal histories may be used as 404(b) evidence. Additionally, the government states that it will advise the defense at the earliest possible time of any evidence of uncharged misconduct which may be used in its case-in-chief.

Accordingly, defendant Prezioso's motion **[doc. #289]** is **GRANTED** based on the government's agreement that notice will be given prior to the commencement of its case-in-chief if prior misconduct evidence will, in fact, be offered against Prezioso.

D. **Motions to Preserve and for Production of Agent's Notes [doc. ##79, 177, 285, 294, 295, 301]**

Defendant Amin, joined by defendants Ogman, Streater and Brock move for an order directing the government "to retain and preserve all notes made by federal, state or local agents and investigative personnel involved in any aspect of this case, in the course of the investigation." [Doc. #177 and 294, 285, 301; incorporating #177 by reference]. Specifically, defendants request the "preservation of all rough notes, handwritten or

6

otherwise, memoranda, synopses, original tapes, etc. (hereinafter "notes") which were made in the course of the investigation, whether or not the contents of same were incorporated into any official report such as a DEA-6" including "notes related to interviews with witnesses, informants, suspects or a subject of investigation, and notes relative to surveillance." [Doc. #117 at 1]. Defendants Carney and Reed are seeking agents' notes pertaining to statements made by the defendant [doc. ##295, 79] and "that of any proffer session pertaining to potential witnesses against him." [Doc. #79].

Fed. R. Crim. P. 16(a)(1)(B)(ii) provides that, upon a defendant's request, the government must produce "the portion of any written record containing the substance of any relevant oral statement made before or after arrest if the defendant made the statement in response to interrogation by a person the defendant knoew was a government agent . . . ."

The government represents that it will preserve agent notes of interviews with witnesses, which addresses the motions of Ogman, Streater, Brock and Amin, and the government intends to disclose such notes, which is the relief sought by defendants Carney and Reed. [Doc. #313 at 8-9]. Notwithstanding the government's representation, the Second Circuit recognizes that the notes of investigators do not constitute Jencks Act materials as defined by Rule 16. See United States v. Koskerides, 877 F.2d 1129, 1133 (2d Cir. 1129) (finding "the government fully complied with Rule 16(a)(1)(A) by providing appellant with the typewritten memoranda of interviews prepared

7

from the agent's handwritten notes"); United States v. Elusma, 849 F.2d 76, 79 (2d Cir. 1988) (agents need not preserve their handwritten notes of interviews if the agents incorporate them into formal reports), but see, United States v. Ionia Management S.A., No. 3:07cr134 (JBA), 2007 WL 2298570, *1-2 (D. Conn. Aug. 3, 2007) ("[I]t is clear that, pursuant to Rule 16(a)(1)(B)(ii), the Government must produce all of the agents' rough notes of interviews/interrogations conducted with the defendant's employees/agents . . ."); United States v. Stein, 424 F. Supp. 2d 720, 728-29 (S.D.N.Y. 2006) (finding that Koskerides relied on an earlier version of Fed. R. Crim. P. 16, failing to take in to account the 1991 amendment of Rule 16 and ordering the government to produce rough notes taken by government agents during interviews with the moving defendants and ordering preservation of notes taken during interviews with non-moving defendants with production upon request by the non-moving defendants. Accordingly, defendants' Motions to Preserve and for Production of Agent's Notes **[doc. ##79, 177, 285, 294, 295, 301]** are **DENIED as moot** in light of the government's representation.

### E. **Defendant Amin's Motion for Giglio Material [doc. #179]**

Defendant Amin moves for an order directing the government to provide a list of material that he contends is due to him under United States v. Giglio, 405 U.S. 150 (1972). The government responds that it will comply with its duties and responsibilities with respect to the disclosure of Giglio material. In addition, the government states that its ex parte

8

Motion for Protective Order regarding disclosure of its non-law enforcement witnesses was granted and provides that it will produce the identities and Giglio material relating to its non-law enforcement witnesses ten (10) days prior to the commencement of evidence in this matter. [Doc. #156].

Accordingly, defendant Amin's Motion for Giglio Material **[doc. #179]** is **DENIED** as moot.

F. **Defendants Ogman and Amin's Motions for Discovery of Information of Confidential Informants [doc. ##182, 236]**

Defendants Ogman and Amin move for an order that the government disclose the identities of persons identified in the affidavit of Special Agent Christian T. Roccia as "Confidential Human Source 1", "Confidential Human Source 2" and "Confidential Human Source 3" and/or any confidential source as set forth in Amin's motion. The government states that its ex parte Motion for Protective Order regarding disclosure of the identities of any cooperating witnesses it intends to call at trial was granted and that it will make the disclosure ten (10) days prior to the commencement of evidence in this matter. [Doc. #156]. Other than moving for the disclosure of the confidential informant's identities, defendants have not undertaken the burden of demonstrating that they "will be deprived of his right to a fair trial" absent being provided with that information sooner. See United States v. Fields, 113 F.3d 313, 324 (2d Cir.

1997) ("Disclosure is a matter which lies within the sound disclosure of the district court."); Rovario v. United States, 353 U.S. 53, 60-61 (1957) (The government is not generally required to disclose the identity of confidential informants). "Speculation that disclosure of the informant's identity will be of assistance is not sufficient to meet the defendant's burden; instead, the district court must be satisfied, after balancing the competing interests of the government and the defense, that the defendant's need for disclosure outweighs the government's interest in shielding the informant's identity." Fields, 113 F.3d at 324.

Accordingly, Defendants Ogman and Amin's Motions for Discovery of Information of Confidential Informants **[doc. ##182, 236]** are **DENIED** on the current record.

### G. Motions for Brady and Jencks Act Material [doc. ## 180, 233, 297]

Defendant Amin moves for an order for disclosure of materials covered by Brady v. Maryland, 373 U.S. 83 (1963). [Doc. #180]. The government responds that it will comply with its duties and responsibilities with respect to the disclosure of Brady material and represents that it has, and will continue to, fulfill these obligations to provide discovery to the defendants, including the materials requested in Amin's motion. [Doc. #313 at 25]. Accordingly, defendant Amin's Motion for Brady Material **[doc. #180]** is **DENIED** on this record.

Defendants Streater [doc. #233] and Reed [doc. #297] move, pursuant to the Jenks Act, 18 U.S.C. §3500, Fed. R. Crim. P. 16(a) and the Court's Standing Order, for production of all Jenks Act materials "not less than thirty (30) days before jury selection . . . ." [Doc. #233]. Under the Jenks Act, 18 U.S.C. §3500(a), no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case." Notwithstanding, the statute, the government responds that, "it will disclose Jencks materials before evidence is presented at trial." [Doc. #313 at 25]. Defendants offer no authority to override the Jenks Act.

Accordingly, defendants Streater and Reed's Motions for Jenks Act Materials **[doc. ##233, 297]** are **DENIED** on this record.

H. **Defendant Streater's Motion to Compel Notice from the Government of Intention to Use Evidence and Motion for Leave to File Suppression Motion [doc. #234] and Disclosure of the Existence of Evidence Obtained Pursuant to State Action [Doc. #235] and defendant Reed's Motion for Order [doc. #296]**

Defendant Streater moves to compel the government to provide him with notice of the specific evidence it intends to use in its case-in-chief at trial, so that he have a full and fair opportunity to move to suppress evidence. Streater also seeks any and all evidence or information seized or obtained by state law enforcement agents, whether or not acting in conjunction with the United States. [Doc. #235]. Streater has not filed a

motion to suppress, has not sought leave to file a motion to suppress and at the status conference defense counsel did not raise any issues regarding disclosure or access to evidence. The government represents that it has disclosed all recordings of intercepted telephone conversations pursuant to Court order and "any and all evidence is available . . . for in-person inspection by defense counsel through the case agent. . . ." [Doc. #313 at 26]. The government states that it currently intends to offer all of the evidence it has accumulated in the case to date at trial. Id.

Accordingly, Streater's Motions to Compel **[doc. #234, 235]** are **DENIED** on this record.

Similarly, defendant Reed moves to compel discovery. [Doc. #296]. At the status conference, defense counsel did not raise any issues regarding disclosure or access to evidence. The government states that it has provided and will continue to provide materials for which disclosure is required under the Standing Order on Pretrial Discovery. [Doc. #155].

Accordingly, Reed's Motion for Order **[doc. #296]** is **DENIED** on this record.

I. **Motions for Disclosure of Expert Witnesses [doc. ##81, 293, 284, 302]**

Defendants Ogman, Brock, Streater and Carney [doc. ##81, 293, 294, 302] move for disclosure of expert witnesses the

government intends to call at trial, including any use of "officer expert" testimony on terminology contained within telephone transcripts. The government represents that it intends to call at trial forensic analysts who have analyzed seized narcotics in this case. The identities of these individuals are set forth in reports and have been provided to the defense. The defense does not challenge these reports.

Accordingly, defendants' Motions for Disclosure of Expert Witnesses **[doc. ##81, 293, 284, 302]** are **DENIED** on this record.

**J. Defendant Reed's Motion to Reserve Right to File Motion to Suppress Statement of the Defendant [Doc. #299]**

Defendant Reed's Motion for Leave of Court to "reserve the right" to file a Motion to Suppress the Statement(s) of the Defendant **[Doc. #299]** is **DENIED as MOOT** on the current record. At the status conference, counsel raised no objection to the government's production of discovery and did not seek leave to file a motion to suppress out of time.

**CONCLUSION**

For the reasons stated, defendants' Motions for an Order dismissing Court One or, alternatively, for an order directing the government to file a bill of particulars **[doc. ##232, 283, 287, 290]** are **DENIED**.

Any objections to this recommended ruling must be filed with the Clerk of the Court within fourteen (14) days of the receipt of this order. Failure to object with fourteen (14) days may preclude appellate review. See 28 U.S.C. § 636(b)(1); Rules 72, 6(a) and 6(e) of the Federal Rules of Civil Procedure; Rule 72.2 of the Local Rules for United States Magistrate Judges; Small v. Secretary of H.H.S., 892 F. 2d 15 (2d Cir. 1989)(per curiam); F.D.I.C. v. Hillcrest Assoc., 66 F. 3d 566, 569 (2d Cir. 1995).

Defendants' Motions for Disclosure of Statements of Co-Conspirators **[doc. ##80, 181, 278, 288, 298]** are **DENIED**.

Defendant Prezioso's Motion for Disclosure of Evidence of Prior Misconduct **[doc. #289]** is **GRANTED** based on the government's agreement that notice will be given prior to the commencement of its case-in-chief that prior misconduct evidence will, in fact, be offered therein.

Defendants' Motions to Preserve and for Production of Agent's Notes **[doc. ##79, 177, 285, 294, 295, 301]** are **DENIED** as moot in light of the government's representation.

Defendant Amin's Motion for Giglio Material **[doc. #179]** is **DENIED** as moot.

Defendants Ogman and Amin's Motions for Discovery of Information of Confidential Informants **[doc. ##182, 236]** are **DENIED** on the current record.

Defendant Amin's Motion for Brady Material **[doc. #180]** is **DENIED** on this record.

Defendants Streater and Reed's Motions for Jenks Act Materials **[doc. ##233, 297]** are **DENIED** on this record.

Defendant Streater's Motions to Compel **[doc. #234, 235]** are **DENIED** on this record.

Defendant Reed's Motion for Order **[doc. #296]** is **DENIED** on this record.

Defendants Ogman, Brock, Streater and Carney's Motions for Disclosure of Expert Witnesses **[doc. ##81, 293, 284, 302]** are **DENIED** on this record.

Defendant Reed's Motion for Leave of Court to "reserve the right" to file a Motion to Suppress the Statement(s) of the Defendant **[Doc. #299]** is **DENIED as MOOT** on the current record.

This is not a recommended ruling. This is a discovery ruling and order which is reviewable pursuant to the "clearly erroneous" statutory standard of review. 28 U.S.C. § 636 (b)(1)(A); Fed. R. Civ. P. 6(a), 6(e) and 72(a); and Rule 2 of the Local Rules for United States Magistrate Judges. As such,

it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

SO ORDERED at Bridgeport this 2nd day of November 2012.

_____/s/_____
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE