UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

UNITED STATES,                  :
                                :
v.                              :     3:12-cr-74 (WWE)
                                :
BROWN, et al.                   :
                                :

**RULING ON MOTION TO SEVER**

This case is a multi-defendant case concerning alleged federal narcotics and conspiracy offenses against eighteen defendants. Defendant Rommell Brown has filed a motion to sever his trial from that of the other defendants. For the following reasons, the motion to sever will be denied.

**Discussion**

Federal Rule of Criminal Procedure 8(b) provides for joinder of defendants alleged to have "participated in the same act or transaction." Federal Rule of Criminal procedure 14 allows for severance of a defendant if it appears that that defendant is prejudiced by joinder. However, a defendant seeking severance bears the burden of proving "facts demonstrating that he will be so severely prejudiced by a joint trial that it would it in effect deny him a fair trial." United States v. An-Lo, 851 F.2d 547, 556 (2d Cir. 1988). The Court must balance the potential for prejudice to a defendant against the government's interest in judicial economy and the Court should consider how it can lessen the prejudice by other means. United States v. Crawford, 581 F.2d 489, 491 (5th Cir. 1978). The Court should consider the following factors: (1) the number of defendants and the number of counts; (2) the complexity of the indictment; (3) the

1

estimated length of the trial; (4) disparities in the degrees of involvement by defendants in the overall scheme; (5) possible conflict between various defense theories; and (6) prejudice resulting from evidence admissible as to some defendants but not others. United States v. Ramos, 346 F. Supp. 2d 567, 570 (S.D.N.Y. 2004).

In this instance, defendant Brown is alleged to have supplied defendant Ogman with illegal drugs and purchased illegal drugs from defendant Ogman with the purpose to redistribute the drugs within New Haven. Brown maintains that the Government's case rests upon the theory that the defendants are affiliated or are part of the "Crip" gang, but that there is no evidence indicating that he is a "Crip" member. He asserts that he will be prejudiced by having his trial conducted along with other defendants who are gang affiliated. He argues that the possible spillover prejudice, his lesser involvement as a non-gang member in the conspiracy, and his potential to advance a multiple conspiracy theory should militate in favor of in his trial being conducted separately from the gang-affiliated defendants.

When determining whether the potential for spillover prejudice warrants a separate trial, the Court should consider (1) whether evidence presented at the joint trial would be admissible in a single defendant trial, and (2) whether the court can properly instruct the jury to keep the evidence separate. United States v. Villegas, 899 F.2d 1324, 1347 (2d Cir. 1990).

The Court cannot assume that a mulit-defendant trial is beyond the average jury's ability. United States v. Moten, 564 F.2d 620, 627 (2d Cir. 1977). The Court will carefully instruct the jury to consider the evidence against each defendant separately

and that a verdict of guilty against one defendant does not mean that the other defendants should be found guilty.

The Government maintains that the evidence offered and admissible in a separate trial for Brown would be the same as that offered in the joint trial of the defendants charged in the conspiracy. Evidence concerning purchases of drugs made from the organization's street-level dealers would be admissible in Brown's separate trial as it is relevant to the conspiracy charge against him. Further, Brown has not demonstrated how he would be hindered in presenting his multiple conspiracy theory in his trial with other defendants.

Accordingly, the Court finds that defendant Brown has not shown that severance is necessary to avoid prejudice.

## Conclusion

For the foregoing reasons, the motion to sever [doc. 200] is DENIED.


Dated this 21st day of December 2012 at Bridgeport, Connecticut.

                                                                              ____/s/_____
                                                                             Warren W. Eginton
                                                                              Senior United States District Judge