UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES, | : |
| | : |
| v. | :      3:12-cr-74 (WWE) |
| | : |
| ANAJE AMIN, CLAYTON | : |
| CARNEY, RICHARD | : |
| MASON, et al. | : |

### RULING ON MOTIONS TO SEVER

This case is a multi-defendant case concerning alleged federal narcotics and conspiracy offenses against eighteen defendants. Defendants Anaje Amin, Clayton Carney, and Richard Mason have filed motions to sever their trials from that of their co-defendants proceeding to trial. For the following reasons, the motions to sever will be denied.

### Discussion

Federal Rule of Criminal Procedure 8(b) provides for joinder of defendants alleged to have "participated in the same act or transaction." Federal Rule of Criminal procedure 14 allows for severance of a defendant if it appears that that defendant is prejudiced by joinder. However, a defendant seeking severance bears the burden of proving "facts demonstrating that he will be so severely prejudiced by a joint trial that it would in effect deny him a fair trial." United States v. An-Lo, 851 F.2d 547, 556 (2d Cir. 1988). The Court must balance the potential for prejudice to a defendant against the government's interest in judicial economy and the Court should consider how it can lessen the prejudice by other means. United States v. Crawford, 581 F.2d 489, 491 (5th Cir. 1978). The Court should consider the following factors: (1) the number of

defendants and the number of counts; (2) the complexity of the indictment; (3) the estimated length of the trial; (4) disparities in the degrees of involvement by defendants in the overall scheme; (5) possible conflict between various defense theories; and (6) prejudice resulting from evidence admissible as to some defendants but not others.  United States v. Ramos , 346 F. Supp. 2d 567, 570 (S.D.N.Y. 2004).

In this instance, defendants Amin, Carney, and Mason are all charged with one count of conspiracy to distribute and to possess with intent to distribute 280 grams or more of cocaine base and a quantity of cocaine.  Defendant Carney is also charged with two counts of possession and distribution of crack cocaine.

Amin states that of the thousands of conversation that the government intercepted in the course of its investigation, only a fraction involved him. Amin also stresses that he is not charged in the Indictment's seven remaining counts.  Carney asserts that there were no calls between him and Ogman or any other member of the conspiracy at any time within months of his alleged transactions.  Mason claims that there is no evidence of him being a member of the Grape Street Crips, as is the case with other defendants.  Mason also states that, at most, he was purchasing narcotics for himself and did not participate in the widespread sale and redistribution.

When determining whether the potential for spillover prejudice warrants a separate trial, the Court should consider (1) whether evidence presented at the joint trial would be admissible in a single defendant trial, and (2) whether the court can properly instruct the jury to keep the evidence separate.  United States v. Villegas , 899 F.2d 1324, 1347 (2d Cir. 1990).

The Court cannot assume that a mulit-defendant trial is beyond the average jury's ability.  United States v. Moten , 564 F.2d 620, 627 (2d Cir. 1977).  The Court will carefully instruct the jury to consider the evidence against each defendant separately and that a verdict of guilty against one defendant does not mean that the other defendants should be found guilty.

Accordingly, the Court finds that defendants Amin, Carney, and Mason have not shown that severance is necessary to avoid prejudice.

## Conclusion

For the foregoing reasons, the motions to sever [docs. 277, 536, 584] are DENIED.


Dated this _17th__ day of July 2013 at Bridgeport, Connecticut.


_____/s/_____
Warren W. Eginton
Senior United States District Judge