```
 1                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF CONNECTICUT
 2     _____
                                      )
 3     UNITED STATES OF AMERICA,      )    No. 3:12-CR-74-005(WWE)
                                      )    915 Lafayette Boulevard
 4                   vs.              )    Bridgeport, Connecticut
                                      )
 5     ROMELL BROWN.                  )    November 13, 2014
                                      )
 6     _____)

 7                  TRANSCRIPT OF SENTENCING HEARING

 8             BEFORE THE HONORABLE WARREN W. EGINTON

 9              UNITED STATES SENIOR DISTRICT JUDGE

10     APPEARANCES:
       For the Plaintiff:      ANTHONY E. KAPLAN, AUSA
11                             U.S. ATTORNEY'S OFFICE - NH
                               157 Church Street
12                             23rd Floor
                               New Haven, CT 06510
13

14     For the Defendant:      DIANE POLAN, ESQ.
                               POLAN & SIMMONS, LLC
15                             746 Chapel Street
                               New Haven, CT 06510
16

17

18

       ECR Operator:           Ariel Walker
19

20

21

22                             Penina Wolicki
                                 eScribers
23                          700 West 192nd Street
                                 Suite #607
24                          New York, NY 10040
                              (973) 406-2250
25
```

1

I N D E X

2

| RULINGS: | PAGE | LINE |
|---|---|---|
| Motion for third level reduction for acceptance of responsibility granted. | 4 | 18 |
| Sentence as detailed on the record | 11 | 18 |
| Motion to dismiss underlying indictment and Count III of superseding indictment granted. | 13 | 23 |

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Colloquy

1              (1:22 O'CLOCK, P.M.)

2              THE CLERK:  The Honorable United States District

3    Court is now open.

4              THE COURT:  Okay, everybody grab seats.  This is the

5    United States v. Romell Brown, one of the Ogman cases, so

6    74 -- 3:12-74.  Today it's before me for sentencing.

7              He's -- let's see what we got here.

8              Yeah, here we are.  I was looking for this.  Okay,

9    he's represented by Attorney Diane Polan.  United States is

10   represented by Attorney Kaplan.

11             MR. KAPLAN:  Yes, Your Honor.

12             THE COURT:  Yes, okay, good.  All right, you want to

13   put him under oath?

14             THE CLERK:  Please rise and raise your right hand.

15                  ROMELL BROWN, DEFENDANT, SWORN

16             THE CLERK:  Thank you.  You may be seated.

17             THE COURT:  Are you Romell Brown?

18             THE DEFENDANT:  Yes.

19             THE COURT:  You're represented in this matter by

20   Attorney Polan, who's very experienced in these matters.  Are

21   you satisfied with her representation of you?

22             THE DEFENDANT:  Yes.

23             THE COURT:  All right.  Ms. Polan, you've been over

24   the sentencing memorandum, the pre-sentence report with him?

25   Any objections to it?

Colloquy

1          MS. POLAN:  No, Your Honor.  I had just sent in a

2     couple of -- I think I had sent in something to Ms. Magee

3     (ph.).  I'm not sure.  We have no objections to the PSR, Your

4     Honor.

5          THE COURT:  All right.  Because he did make a lot of

6     comments which resulted in a supplement by probation.

7          MS. POLAN:  Yes.

8          THE COURT:  But I can accept the -- you've heard what

9     your attorney said; do you agree with that?

10          THE DEFENDANT:  Yes.

11          THE COURT:  All right, I'll accept the pre-sentence

12     report and the factual findings in it, make it part of the

13     record in the case.

14          The plea was taken before me, so that's part of the

15     record in the case.

16          MR. KAPLAN:  And the Government has filed a motion

17     for the third point, Your Honor.

18          THE COURT:  Yes, I saw that motion, and that'll be

19     granted.  It's all academic, of course.  And I want to talk

20     about that.

21          We could go through -- first of all, we ought to note

22     that the November 2014 guidelines are now the manual that's in

23     effect and the one that we're using.  But that all becomes

24     pretty academic here.  You have the report from probation with

25     the sentencing recommendations.

Colloquy

1    27 is what you get down to, because the November 1st

2    reductions took effect.  So you're not 29, you're 27.  You're

3    not a criminal history category IV, you're a criminal history

4    category III.  And so it takes you down, I think to 87 to 108.

5    Am I correct about that?

6         MS. POLAN:  Yes, Your Honor.

7         THE COURT:  Okay; 87 to 108, which is academic,

8    because of 120.  Now, what I'm puzzled by, and maybe the

9    United States can help me with this before I ask defense to do

10   anything.  I've sentenced a lot of people in Ogman, and I

11   sentenced a lot of them to 57; I sentenced one to 64 and a

12   bunch below that; but I've never given anybody in the Ogman

13   group, including Ogman himself, 120.  None of them seem to

14   have been subject to the statute -- mandatory minimum of the

15   statute except Brown.

16        And I looked over the whole history of the Ogman

17   group as probation's put it together for me several times, and

18   I don't know what makes this fellow so bad.  He's a category

19   III.  He's a user -- a lot of these people were not users;

20   they were just dealers, and I'm always more tough on them than

21   on the users.  But this fellow is a user.  In fact, we want to

22   put him in the 500-hour program.

23        So I'm trying to figure out how he came to qualify

24   for the mandatory minimum and nobody else did.  Apparently it

25   has to do with the quantity.  But this must mean that he

Colloquy

1  must've been mixed up with about every transaction that this

2  group participated in.  So maybe the Government can help me

3  figure this out.

4          MR. KAPLAN:  Yes, Your Honor.  As an initial matter,

5  there are a number of defendants who the Court has not yet

6  sentenced, including Mr. Ogman, so the Court has not had

7  everybody in this case for sentencing yet.

8          THE COURT:  But I did Marvin Ogman, I guess, the

9  brother?

10          MR. KAPLAN:  Marvin, right.  And that was Donald

11  Ogman's uncle who pled guilty to a telephone count.

12          THE COURT:  Oh, yeah.  Okay.

13          MR. KAPLAN:  And I think in answer to the Court's

14  question, we have looked at all of the defendants, and Mr.

15  Brown was a supplier to Mr. Ogman of cocaine and crack.  And

16  from our perspective, given that the drugs are what fuels --

17  and I want to be clear that Mr. Brown is not -- we have no

18  information Mr. Brown is a member of the Crips.  And I think

19  it should be clear in the pre-sentence report that he's not

20  for designation purposes.  But he is a -- he was a major

21  supplier to Mr. Ogman of the narcotics which fuel, of course,

22  the drug -- the gang enterprise run by Mr. Ogman.

23          So on that basis, Mr. Brown was charged with the 280

24  grams or more, and the Government believed that that was an

25  appropriate disposition under all the circumstances.

Colloquy

1          THE COURT:  So apparently none of these others that I

2     sentenced, about fifteen of them, were in that similar

3     position of supplying that quantity of drugs?

4          MR. KAPLAN:  I don't -- I think Mr. Brown was -- I

5     mean, Lamont Reed had some -- people would pool together money

6     to get narcotics.  But I would say Mr. Brown was one of the

7     major suppliers.

8          THE COURT:  Um-hum.  Okay, all right.

9          Well, Ms. Polan, you can go ahead.  I've read

10    everything.

11         MS. POLAN:  Your Honor, I think that -- I don't have

12    that much to say, because I have the same concerns about this

13    case as Your Honor does.  And when I was appointed in this

14    case -- I think I'm Mr. Brown's second appointed counsel --

15    I've tried over a course of I don't know how long it's been

16    now -- has it been -- it's been maybe almost two years -- to

17    convince the Government to reduce the charge.  I don't think

18    it's appropriate for Mr. Brown, compared to other people in

19    this case and other people where the Government seeks a ten-

20    year mandatory minimum.  There's no violence associated with

21    Mr. Brown.

22         He obviously has a substance problem.  But on the eve

23    of trial, Your Honor, when the Government says here are all

24    our phone calls, you know, and we can prove -- we believe we

25    can prove that it was reasonably foreseeable to him, more than

Colloquy

1    280 grams, there's really -- he really is left with no option

2    except to accept this plea offer.  And he has accepted it.

3              And I think one of the ironic things in this case,

4    which the prosecutors pointed out to me when I first became

5    Mr. Brown's lawyer, at the time these conversations occurred,

6    I believe it was in January of 2012, there was what Mr.

7    Hall -- AUSA Hall called a drought of drugs.  And Mr. Ogman

8    was asking everybody he knew, can you get me cocaine.  And

9    this was one of the people he talked to.  And there weren't

10   even any drugs.  There wasn't any cocaine.  There were

11   discussions of cocaine.

12             And there's clearly discussions that involved -- I

13   think you would definitely say more than 280 grams of -- I

14   think the issue is the cocaine that Mr. Brown was being asked

15   to supply was actually powder cocaine, and Mr. Ogman is

16   somebody who apparently took powder cocaine and converted it

17   to crack cocaine and then sold it.

18             So I'm not here to argue the merits of the case, Your

19   Honor.  I mean, we're beyond that.  And I do think, Your

20   Honor, that the only fair sentence -- and I think the

21   Government concurs -- is the mandatory minimum 120 months.

22             Mr. Brown would like to avail himself of the 500-hour

23   drug program.  And I hope the Court will recommend that.

24             The one thing I did not put in my memo is that he has

25   three young children who live in the New Haven area.  They're

Colloquy

1    actually all here in court today, ranging in age from three to

2    fifteen.  And so it is important to him to be placed somewhere

3    close to New Haven.  And I don't know that the Bureau of

4    Prisons is actually paying any attention to judges'

5    recommendations these days --

6              THE COURT:  No, he may very well end up in Otisville.

7              MS. POLAN:  Well, Otisville would be all right, Your

8    Honor.  It would be a lot better than Berlin, New Hampshire,

9    which is about five hours from here --

10             THE COURT:  I guess so.

11             MS. POLAN:  -- where they're sending people.  But

12   Your Honor, if you could make a recommendation that he be sent

13   either to Danbury or to Otisville, that would be helpful.

14             I do think that Mr. Brown would like to address the

15   Court briefly --

16             THE COURT:  Oh, yes.

17             MS. POLAN:  -- there's not much that I can say.  He

18   did plead to this.  He acknowledged that his conduct qualifies

19   for 280 grams, and he did enter a guilty plea before Your

20   Honor.  There was a factual basis for that plea.  And as I

21   said, as we know, the Government is completely in charge of

22   charging decisions and charge bargaining.  And in this case,

23   they believed it wasn't an appropriate case to reduce the

24   charge.  So that's what we're all left with here:  you, me,

25   and Mr. Brown; the Government's charging decision.

Colloquy

1          THE COURT:  Okay.  I must say, there was some

2     sentences I feel very comfortable with, and some I don't feel

3     comfortable with.  This is one I don't feel comfortable with

4     when I look at the other people involved here, as I've

5     sentenced.

6          Anyway, go ahead and say whatever you'd like to say,

7     Mr. Brown, before I sentence you.

8          THE DEFENDANT:  Good morning.

9          THE COURT:  Good morning.

10         THE DEFENDANT:  I'd just like to apologize, you know,

11    to my family, you know, for having to take the time out of

12    their schedule or kids for having to take the day off of

13    school.  That's kind of more important than what we're here

14    for today.

15         You know, other than that, you know, I'm grateful for

16    the help that they've given me and I appreciate everything

17    that they've done.  And I'm going to just, you know, try to

18    make the best of my situation, not the -- you know, come

19    through the courts again, and do whatever I got to do to stay

20    home and raise my kids.

21         And pretty much, you know, Your Honor, you know,

22    that's about it.

23         THE COURT:  Well, you -- there are two good things

24    here that -- to the extent we can find anything good.  And

25    that is, we'll do our best to get you close to where they can

Colloquy

1    visit you, because it's going to be a long time.  And also,

2    we'll put you in the 500-hour program, at least -- I think the

3    Bureau of Prisons generally does tend to pay attention to our

4    recommendations, not so much on placement, because they have

5    their own rules on placement -- they have their own guidelines

6    on placement.  But certainly on the 500-hour program, I think

7    they -- they generally go along with our recommendation of

8    that.  So I'm going to recommend it.

9         I'll recommend you be designated for Danbury or

10   Otisville, and if they can't do either one of those, then

11   something that would be equivalent in geographic terms to ease

12   the ability for access to you.

13        All right.  I won't pay much attention to the

14   guidelines, because they're academic here.  But we went

15   through, you end up with a criminal history category of 27 --

16   I mean, level 27 with a criminal history category III, and you

17   get 87 to 108 months, which becomes academic, because I

18   sentence you to the mandatory minimum of 120 months, followed

19   by the mandatory five-year minimum term of supervised release.

20        Now, in your case -- let me check something out.

21        Yeah, you're a young person.  You're thirty-six years

22   old.  And you've served two years of the ten.  So we're

23   looking at middle forties when you come under the supervision

24   of probation on a five-year term of supervision.

25        Be very careful -- and I'm sure Ms. Polan will tell

Colloquy

1    you the same thing I'm telling you.  The probation will be a

2    very important individual in your life once you get out of

3    prison.  Those five years can be very significant in what

4    happens to you, because they try to help you.  That's

5    probation's job and they try to do it.

6          If you don't pay attention to them and you don't do

7    something that they tell you to do or you do something they

8    tell you not to do, you can go back to jail and serve a couple

9    of more years, which doesn't make any sense.  So follow

10   everything that probation tells you to do during that five-

11   year period.

12         Mandatory hundred-dollar special assessment.  No

13   fine.  You can't afford to pay the fine.

14         The conditions on the term of supervised release.  Do

15   not commit another federal, state, or local offense.  Do not

16   unlawfully possess a controlled substance.  Now, I'm not going

17   to impose the standard substance abuse program.  I'm not going

18   to impose that, because we have the special program that's

19   much better and it gives better discretion to the probation

20   people.  I'll talk about that in a second.

21         You can pay the assessment, as I said.  You may have

22   to cooperate in the collection of a DNA sample.  And here's

23   the special drug condition.  Participate in a program approved

24   by probation for inpatient or outpatient substance abuse

25   treatment and testing.  You may have to pay all or part of

Colloquy

1   that, but you'll find that probation is very fair about that.

2   They won't ask you to pay all or part of it unless they feel

3   you have the financial ability to do so.

4        But they will put you in that program, and it's very

5   important, because we'll be following up on the 500-hour

6   program that you will have been participating in, we hope, in

7   the Bureau of Prisons.

8        Do not possess a firearm or any other dangerous

9   weapon.

10        Now, you have a right of appeal from this sentence to

11   the extent you haven't waived your right of appeal.  And as I

12   looked at it, it looks as though you have waived the right,

13   because I've stayed at the 120 level.  But to the extent you

14   do have any right of appeal, you have to exercise that within

15   fourteen consecutive days, and you'd be represented by counsel

16   of your choice.  If you cannot afford counsel, counsel would

17   be appointed for you at no expense to you.

18        All right, anything we're dismissing?

19        MR. KAPLAN:  Yes, Your Honor.  We'll move to dismiss

20   the underlying indictment as relates to Mr. Brown and Count

21   III of the superseding indictment.

22        THE COURT:  All right.  That's granted.

23        Anything else I've forgotten, Mr. Kaplan?

24        MR. KAPLAN:  I don't believe so, Your Honor.

25        MS. POLAN:  No.

Colloquy

1          THE COURT:  All right.  Thank you.  Thank you, Ms.

2    Polan.

3          MS. POLAN:  Thank you, Your Honor.

4          THE CLERK:  The Honorable United States District

5    Court is now in recess.

6          (Whereupon the above matter was adjourned at 1:41

7    o'clock, p.m.)

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1

2                          C E R T I F I C A T I O N

3

4        I, Penina Wolicki, Official Court Transcriber for the

5    United States District Court for the District of Connecticut,

6    do hereby certify that the foregoing pages are a true and

7    accurate transcription of the proceedings in the

8    aforementioned matter to the best of my skill and ability.

9

10

11   Date:   January 9, 2015

12

13                    _Penina Wolicki_

14

15

16                    _____

17                     PENINA WOLICKI, AAERT CET**D-569

18                            eScribers, LLC
                       700 West 192nd Street, Ste. #607
                            New York, NY 10040
19                            (973)406-2250
                        operations@escribers.net

20

21

22

23

24

25

UNITED STATES OF AMERICA v.
ROMELL BROWN

No. 3:12-CR-74-005(WWE)
November 13, 2014

## A

**ability (2)**
11:12;13:3
**above (1)**
14:6
**abuse (2)**
12:17,24
**academic (5)**
4:19,24;5:7;11:14,17
**accept (3)**
4:8,11;8:2
**accepted (1)**
8:2
**access (1)**
11:12
**acknowledged (1)**
9:18
**actually (3)**
8:15;9:1,4
**address (1)**
9:14
**adjourned (1)**
14:6
**afford (2)**
12:13;13:16
**again (1)**
10:19
**age (1)**
9:1
**agree (1)**
4:9
**ahead (2)**
7:9;10:6
**almost (1)**
7:16
**along (1)**
11:7
**always (1)**
5:20
**apologize (1)**
10:10
**Apparently (3)**
5:24;7:1;8:16
**appeal (3)**
13:10,11,14
**appointed (3)**
7:13,14;13:17
**appreciate (1)**
10:16
**appropriate (3)**
6:25;7:18;9:23
**approved (1)**
12:23
**area (1)**
8:25
**argue (1)**
8:18
**assessment (2)**
12:12,21
**associated (1)**
7:20

**attention (4)**
9:4;11:3,13;12:6
**Attorney (4)**
3:9,10,20;4:9
**AUSA (1)**
8:7
**avail (1)**
8:22

## B

**back (1)**
12:8
**bad (1)**
5:18
**bargaining (1)**
9:22
**basis (2)**
6:23;9:20
**became (1)**
8:4
**becomes (2)**
4:23;11:17
**below (1)**
5:12
**Berlin (1)**
9:8
**best (2)**
10:18,25
**better (3)**
9:8;12:19,19
**beyond (1)**
8:19
**briefly (1)**
9:15
**brother (1)**
6:9
**Brown (18)**
3:5,15,17;5:15;6:15,
17,18,23;7:4,6,18,21;
8:14,22;9:14,24;10:7;
13:20
**Brown's (2)**
7:14;8:5
**bunch (1)**
5:12
**Bureau (3)**
9:3;11:3;13:7

## C

**called (1)**
8:7
**calls (1)**
7:24
**came (1)**
5:23
**can (13)**
4:8;5:9;6:2;7:9,24,
25;8:8;9:17;10:24,25;
12:3,8,21
**careful (1)**
11:25

**case (11)**
4:13,15;6:7;7:13,14,
19;8:3,18;9:22,23;
11:20
**cases (1)**
3:5
**category (5)**
5:3,4,18;11:15,16
**certainly (1)**
11:6
**charge (4)**
7:17;9:21,22,24
**charged (1)**
6:23
**charging (2)**
9:22,25
**check (1)**
11:20
**children (1)**
8:25
**choice (1)**
13:16
**circumstances (1)**
6:25
**clear (2)**
6:17,19
**clearly (1)**
8:12
**CLERK (4)**
3:2,14,16;14:4
**close (2)**
9:3;10:25
**cocaine (8)**
6:15;8:8,10,11,14,15,
16,17
**collection (1)**
12:22
**comfortable (3)**
10:2,3,3
**comments (1)**
4:6
**commit (1)**
12:15
**compared (1)**
7:18
**completely (1)**
9:21
**concerns (1)**
7:12
**concurs (1)**
8:21
**condition (1)**
12:23
**conditions (1)**
12:14
**conduct (1)**
9:18
**consecutive (1)**
13:15
**controlled (1)**
12:16
**conversations (1)**
8:5

**converted (1)**
8:16
**convince (1)**
7:17
**cooperate (1)**
12:22
**counsel (4)**
7:14;13:15,16,16
**count (2)**
6:11;13:20
**couple (2)**
4:2;12:8
**course (3)**
4:19;6:21;7:15
**Court (29)**
3:3,4,12,17,19,23;
4:5,8,11,18;5:7;6:5,6,8,
12;7:1,8;8:23;9:1,6,10,
15,16;10:1,9,23;13:22;
14:1,5
**courts (1)**
10:19
**Court's (1)**
6:13
**crack (2)**
6:15;8:17
**criminal (4)**
5:3,3;11:15,16
**Crips (1)**
6:18

## D

**Danbury (2)**
9:13;11:9
**dangerous (1)**
13:8
**day (1)**
10:12
**days (2)**
9:5;13:15
**dealers (1)**
5:20
**decision (1)**
9:25
**decisions (1)**
9:22
**DEFENDANT (6)**
3:15,18,22;4:10;
10:8,10
**defendants (2)**
6:5,14
**defense (1)**
5:9
**definitely (1)**
8:13
**designated (1)**
11:9
**designation (1)**
6:20
**Diane (1)**
3:9
**discretion (1)**

12:19
**discussions (2)**
8:11,12
**dismiss (1)**
13:19
**dismissing (1)**
13:18
**disposition (1)**
6:25
**District (2)**
3:2;14:4
**DNA (1)**
12:22
**Donald (1)**
6:10
**done (1)**
10:17
**down (2)**
5:1,4
**drought (1)**
8:7
**drug (3)**
6:22;8:23;12:23
**drugs (4)**
6:16;7:3;8:7,10
**during (1)**
12:10

## E

**ease (1)**
11:11
**effect (2)**
4:23;5:2
**either (2)**
9:13;11:10
**else (2)**
5:24;13:23
**end (2)**
9:6;11:15
**enter (1)**
9:19
**enterprise (1)**
6:22
**equivalent (1)**
11:11
**eve (1)**
7:22
**even (1)**
8:10
**everybody (1)**
3:4;6:7;8:8
**except (2)**
5:15;8:2
**exercise (1)**
13:14
**expense (1)**
13:17
**experienced (1)**
3:20
**extent (3)**
10:24;13:11,13

## F

fact (1)
5:21
factual (2)
4:12;9:20
fair (2)
8:20;13:1
family (1)
10:11
federal (1)
12:15
feel (4)
10:2,2,3;13:2
fellow (2)
5:18,21
fifteen (2)
7:2;9:2
figure (2)
5:23;6:3
filed (1)
4:16
financial (1)
13:3
find (2)
10:24;13:1
findings (1)
4:12
fine (2)
12:13,13
firearm (1)
13:8
first (2)
4:21;8:4
five (2)
9:9;12:3
five- (1)
12:10
five-year (2)
11:19,24
follow (1)
12:9
followed (1)
11:18
following (1)
13:5
foreseeable (1)
7:25
forgotten (1)
13:23
forties (1)
11:23
fourteen (1)
13:15
fuel (1)
6:21
fuels (1)
6:16

## G

gang (1)

6:22
generally (2)
11:3,7
geographic (1)
11:11
given (3)
5:12;6:16;10:16
gives (1)
12:19
good (5)
3:12;10:8,9,23,24
Government (8)
4:16;6:2,24;7:17,19,
23;8:21;9:21
Government's (1)
9:25
grab (1)
3:4
grams (4)
6:24;8:1,13;9:19
granted (2)
4:19;13:22
grateful (1)
10:15
group (3)
5:13,17;6:2
guess (2)
6:8;9:10
guidelines (3)
4:22;11:5,14
guilty (2)
6:11;9:19

## H

Hall (2)
8:7,7
Hampshire (1)
9:8
hand (1)
3:14
happens (1)
12:4
Haven (2)
8:25;9:3
heard (1)
4:8
help (4)
5:9;6:2;10:16;12:4
helpful (1)
9:13
here's (1)
12:22
himself (2)
5:13;8:22
history (5)
5:3,3,16;11:15,16
home (1)
10:20
Honor (18)
3:11;4:1,4,17;5:6;
6:4;7:11,13,23;8:19,
20;9:8,12,20;10:21;

13:19,24;14:3
Honorable (2)
3:2;14:4
hope (2)
8:23;13:6
hours (1)
9:9
hundred-dollar (1)
12:12

## I

III (4)
5:4,19;11:16;13:21
important (4)
9:2;10:13;12:2;13:5
impose (2)
12:17,18
including (2)
5:13;6:6
indictment (2)
13:20,21
individual (1)
12:2
information (1)
6:18
initial (1)
6:4
inpatient (1)
12:24
involved (2)
8:12;10:4
ironic (1)
8:3
issue (1)
8:14
IV (1)
5:3

## J

jail (1)
12:8
January (2)
8:6
job (1)
12:5
judges' (1)
9:4

## K

Kaplan (10)
3:10,11;4:16;6:4,10,
13;7:4;13:19,23,24
kids (2)
10:12,20
kind (1)
10:13
knew (1)
8:8

## L

Lamont (1)
7:5
lawyer (1)
8:5
least (1)
11:2
left (2)
8:1;9:24
level (2)
11:16;13:13
life (1)
12:2
live (1)
8:25
local (1)
12:15
long (2)
7:15;11:1
look (1)
10:4
looked (3)
5:16;6:14;13:12
looking (2)
3:8;11:23
looks (1)
13:12
lot (5)
4:5;5:10,11,19;9:8

## M

Magee (1)
4:2
major (2)
6:20;7:7
makes (1)
5:18
mandatory (7)
5:14,24;7:20;8:21;
11:18,19;12:12
manual (1)
4:22
Marvin (2)
6:8,10
matter (3)
3:19;6:4;14:6
matters (1)
3:20
may (4)
3:16;9:6;12:21,25
maybe (3)
5:8;6:2;7:16
mean (4)
5:25;7:5;8:19;11:16
member (1)
6:18
memo (1)
8:24
memorandum (1)
3:24

merits (1)
8:18
middle (1)
11:23
minimum (6)
5:14,24;7:20;8:21;
11:18,19
mixed (1)
6:1
money (1)
7:5
months (3)
8:21;11:17,18
more (6)
5:20;6:24;7:25;8:13;
10:13;12:9
morning (2)
10:8,9
motion (2)
4:16,18
move (1)
13:19
much (6)
7:12;9:17;10:21;
11:4,13;12:19
must (2)
5:25;10:1
must've (1)
6:1

## N

narcotics (2)
6:21;7:6
New (3)
8:25;9:3,8
nobody (1)
5:24
None (2)
5:13;7:1
note (1)
4:21
November (2)
4:22;5:1
number (1)
6:5

## O

oath (1)
3:13
objections (2)
3:25;4:3
obviously (1)
7:22
occurred (1)
8:5
O'CLOCK (2)
3:1;14:7
off (1)
10:12
offense (1)
12:15

UNITED STATES OF AMERICA v.
ROMELL BROWN

No. 3:12-CR-74-005(WWE)
November 13, 2014

**offer (1)**
  8:2
**Ogman (12)**
  3:5;5:10,12,13,16;
  6:6,8,15,21,22;8:7,15
**Ogman's (1)**
  6:11
**old (1)**
  11:22
**once (1)**
  12:2
**one (9)**
  3:5;4:23;5:11;7:6;
  8:3,9,24;10:3;11:10
**only (1)**
  8:20
**open (1)**
  3:3
**option (1)**
  8:1
**others (1)**
  7:1
**Otisville (4)**
  9:6,7,13;11:10
**ought (1)**
  4:21
**out (6)**
  5:23;6:3;8:4;10:11;
  11:20;12:2
**outpatient (1)**
  12:24
**over (3)**
  3:23;5:16;7:15
**own (2)**
  11:5,5

**P**

**part (4)**
  4:12,14;12:25;13:2
**Participate (1)**
  12:23
**participated (1)**
  6:2
**participating (1)**
  13:6
**pay (7)**
  11:3,13;12:6,13,21,
  25;13:2
**paying (1)**
  9:4
**people (9)**
  5:10,19;7:5,18,19;
  8:9;9:11;10:4;12:20
**period (1)**
  12:11
**person (1)**
  11:21
**perspective (1)**
  6:16
**ph (1)**
  4:3
**phone (1)**

**7:24**
**placed (1)**
  9:2
**placement (3)**
  11:4,5,6
**plea (4)**
  4:14;8:2;9:19,20
**plead (1)**
  9:18
**Please (1)**
  3:14
**pled (1)**
  6:11
**PM (2)**
  3:1;14:7
**point (1)**
  4:17
**pointed (1)**
  8:4
**Polan (15)**
  3:9,20,23;4:1,7;5:6;
  7:9,11;9:7,11,17;
  11:25;13:25;14:2,3
**pool (1)**
  7:5
**position (1)**
  7:3
**possess (2)**
  12:16;13:8
**powder (2)**
  8:15,16
**pre-sentence (3)**
  3:24;4:11;6:19
**pretty (2)**
  4:24;10:21
**prison (1)**
  12:3
**Prisons (3)**
  9:4;11:3;13:7
**probation (8)**
  4:6,24;11:24;12:1,
  10,19,24;13:1
**probation's (2)**
  5:17;12:5
**problem (1)**
  7:22
**program (9)**
  5:22;8:23;11:2,6;
  12:17,18,23;13:4,6
**prosecutors (1)**
  8:4
**prove (2)**
  7:24,25
**PSR (1)**
  4:3
**purposes (1)**
  6:20
**put (6)**
  3:13;5:17,22;8:24;
  11:2;13:4
**puzzled (1)**
  5:8

**Q**

**qualifies (1)**
  9:18
**qualify (1)**
  5:23
**quantity (2)**
  5:25;7:3

**R**

**raise (2)**
  3:14;10:20
**ranging (1)**
  9:1
**read (1)**
  7:9
**really (2)**
  8:1,1
**reasonably (1)**
  7:25
**recess (1)**
  14:5
**recommend (3)**
  8:23;11:8,9
**recommendation (2)**
  9:12;11:7
**recommendations (3)**
  4:25;9:5;11:4
**record (2)**
  4:13,15
**reduce (2)**
  7:17;9:23
**reductions (1)**
  5:2
**Reed (1)**
  7:5
**relates (1)**
  13:20
**release (2)**
  11:19;12:14
**report (4)**
  3:24;4:12,24;6:19
**representation (1)**
  3:21
**represented (4)**
  3:9,10,19;13:15
**resulted (1)**
  4:6
**right (16)**
  3:12,14,23;4:5,11;
  6:10;7:8;9:7;11:13;
  13:10,11,12,14,18,22;
  14:1
**rise (1)**
  3:14
**Romell (3)**
  3:5,15,17
**rules (1)**
  11:5
**run (1)**
  6:22

**S**

**same (2)**
  7:12;12:1
**sample (1)**
  12:22
**satisfied (1)**
  3:21
**saw (1)**
  4:18
**schedule (1)**
  10:12
**school (1)**
  10:13
**seated (1)**
  3:16
**seats (1)**
  3:4
**second (2)**
  7:14;12:20
**seeks (1)**
  7:19
**seem (1)**
  5:13
**sending (1)**
  9:11
**sense (1)**
  12:9
**sent (3)**
  4:1,2;9:12
**sentence (4)**
  8:20;10:7;11:18;
  13:10
**sentenced (6)**
  5:10,11,11;6:6;7:2;
  10:5
**sentences (1)**
  10:2
**sentencing (4)**
  3:6,24;4:25;6:7
**serve (1)**
  12:8
**served (1)**
  11:22
**several (1)**
  5:17
**significant (1)**
  12:3
**similar (1)**
  7:2
**situation (1)**
  10:18
**sold (1)**
  8:17
**somebody (1)**
  8:16
**somewhere (1)**
  9:2
**special (3)**
  12:12,18,23
**standard (1)**
  12:17

**state (1)**
  12:15
**States (5)**
  3:2,5,9;5:9;14:4
**statute (2)**
  5:14,15
**stay (1)**
  10:19
**stayed (1)**
  13:13
**subject (1)**
  5:14
**substance (4)**
  7:22;12:16,17,24
**superseding (1)**
  13:21
**supervised (2)**
  11:19;12:14
**supervision (2)**
  11:23,24
**supplement (1)**
  4:6
**supplier (2)**
  6:15,21
**suppliers (1)**
  7:7
**supply (1)**
  8:15
**supplying (1)**
  7:3
**sure (2)**
  4:3;11:25
**SWORN (1)**
  3:15

**T**

**talk (2)**
  4:19;12:20
**talked (1)**
  8:9
**telephone (1)**
  6:11
**telling (1)**
  12:1
**tells (1)**
  12:10
**ten (1)**
  11:22
**ten- (1)**
  7:19
**tend (1)**
  11:3
**term (3)**
  11:19,24;12:14
**terms (1)**
  11:11
**testing (1)**
  12:25
**that'll (1)**
  4:18
**third (1)**
  4:17

UNITED STATES OF AMERICA v.
ROMELL BROWN

No. 3:12-CR-74-005(WWE)
November 13, 2014

**thirty-six (1)**
  11:21
**though (1)**
  13:12
**three (2)**
  8:25;9:1
**times (1)**
  5:17
**Today (3)**
  3:6;9:1;10:14
**together (2)**
  5:17;7:5
**took (2)**
  5:2;8:16
**tough (1)**
  5:20
**transaction (1)**
  6:1
**treatment (1)**
  12:25
**trial (1)**
  7:23
**tried (1)**
  7:15
**try (3)**
  10:17;12:4,5
**trying (1)**
  5:23
**two (3)**
  7:16;10:23;11:22

---

**U**

**Um-hum (1)**
  7:8
**uncle (1)**
  6:11
**under (3)**
  3:13;6:25;11:23
**underlying (1)**
  13:20
**United (5)**
  3:2,5,9;5:9;14:4
**unlawfully (1)**
  12:16
**unless (1)**
  13:2
**up (4)**
  6:1;9:6;11:15;13:5
**user (2)**
  5:19,21
**users (2)**
  5:19,21
**using (1)**
  4:23

---

**V**

**violence (1)**
  7:20
**visit (1)**
  11:1

---

**W**

**waived (2)**
  13:11,12
**weapon (1)**
  13:9
**weren't (1)**
  8:9
**Whereupon (1)**
  14:6
**whole (1)**
  5:16
**who's (1)**
  3:20
**within (1)**
  13:14

---

**Y**

**year (2)**
  7:20;12:11
**years (5)**
  7:16;11:21,22;12:3,9
**young (2)**
  8:25;11:21

---

**1**

**1:22 (1)**
  3:1
**1:41 (1)**
  14:6
**108 (3)**
  5:4,7;11:17
**120 (5)**
  5:8,13;8:21;11:18;
  13:13
**1st (1)**
  5:1

---

**2**

**2012 (1)**
  8:6
**2014 (1)**
  4:22
**27 (4)**
  5:1,2;11:15,16
**280 (4)**
  6:23;8:1,13;9:19
**29 (1)**
  5:2

---

**3**

**3:12-74 (1)**
  3:6

---

**5**

**500-hour (5)**
  5:22;8:22;11:2,6;

---

  13:5
**57 (1)**
  5:11

---

**6**

**64 (1)**
  5:11

---

**7**

**74 (1)**
  3:6

---

**8**

**87 (3)**
  5:4,7;11:17