UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES<br><br>v.<br><br>ALPHONZO DIXON | No. 3:12-cr-74-11 (SRU) |

**ORDER ON MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE**

Alphonzo Dixon has filed a motion seeking early termination of supervised release pursuant to 18 U.S.C. § 3583(e)(1). Doc. No. 1455. The government has not filed an objection. For the reasons set forth below, Dixon's motion is **granted**.

## I.     Procedural History

On August 8, 2012, Dixon pled guilty to two charges—conspiracy to possess with intent to distribute crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C); and possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Doc. No. 255 at 1-2. Dixon was sentenced on April 8, 2014 to 46 months of imprisonment and 3 years of supervised release. Doc. No. 852. Dixon was released and began his term of supervised release on December 31, 2015. Doc. No. 1194 at 3. On December 22, 2016, I revoked Dixon's supervised release and sentenced him to 12 months and one day of imprisonment, followed by 22 months of supervised release. Doc. No. 1197. Dixon began his second term of supervised release on November 3, 2017. *See* Doc. No. 1358 at 7. After Dixon was arrested on state charges while on supervised release, I revoked his supervised release again on March 22, 2021. Doc. No. 1364; Doc. No. 1365. I sentenced him to an additional four years of supervised release. Doc. No. 1364.

Dixon was released from imprisonment on November 24, 2021 and began serving his term of supervised release thereafter. Doc. No. 1478 at 1.

## II. Legal Standard

"Congress intended supervised release to assist individuals in their transition to community life. Supervised release fulfills rehabilitative ends, distinct from those served by incarceration." *United States v. Johnson*, 529 U.S. 53, 59 (2000); *see also* Rep. No. 98-225, at 124 (1983); *United States v. Aldeen*, 792 F.3d 247, 252 (2d Cir. 2015).

A term of supervised release may be terminated early. Section 3583 of Title 18 provides in relevant part that a

> court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7), terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

18 U.S.C. § 3583(e) (cleaned up). The factors courts are therefore to consider are "the nature and circumstances of the offense and the history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1); the need "to afford adequate deterrence to criminal conduct," § 3553(a)(2)(B); the need "to protect the public from further crimes of the defendant," § 3553(a)(2)(C); the need "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner," § 3553(a)(2)(D); guidelines and policy statements issued by the Sentencing Commission, § 3553(a)(4)-(5); the "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," § 3553(a)(6); and "the need to provide restitution to any victims of the offense," § 3553(a)(7). Retribution—one of "the four purposes of sentencing generally"—is not

a factor that courts may consider. *Tapia v. United States*, 564 U.S. 319, 325-26 (2011); *see* § 3553(a)(2)(A).

**III.    Discussion**

Ordinarily, early termination of supervised release acknowledges and rewards achievement and good behavior. Under that criterion, Dixon would not be the best candidate for early termination because he has a pending supervised release violation. *See* Doc. No. 1478. Nevertheless, as outlined below, other factors weigh in favor of ending his term of supervised release.

As a preliminary matter, as previously mentioned, the government has not filed a written objection to Dixon's motion to terminate supervised release. Furthermore, I have consulted with two of Dixon's United States Probation Officers, both of whom have supervised Dixon over several years. Both U.S. Probation Officers consented to the suggestion that Dixon's term of supervised release be terminated.

Based on information gathered from discussions with Dixon's U.S. Probation Officers, it appears that Dixon has exhausted the rehabilitative purpose of supervised release. Dixon has served approximately two years of his current term of supervised release. In total, including all three of his terms of supervised release, Dixon has served more than six years of supervised release for the same underlying criminal offense.[1] During his time on supervised release, Dixon has completed mental health and substance abuse treatment programs, graduated from group substance abuse treatment, and developed a relationship with providers in that program. *See* Doc. No. 1455 at 6-7; Doc. No. 1478 at 4. Dixon was discharged from group substance abuse

---

[1] Dixon served 357 days of supervised release for his first term, excluding the day at which his supervised release was revoked. Dixon served 40 months and 19 days of his second term of supervised release, excluding the date at which it was revoked. In his current and third term of supervised release, Dixon has served over two years.

treatment on August 22, 2022, and from individual mental health treatment on December 16, 2022. Doc. No. 1478 at 4. When Dixon was discharged, his clinician reported that Dixon was "doing well and not in need of services." Doc. No. 1457 at 9. Dixon has therefore taken advantage of and at least temporarily benefitted from the programming available to him through supervised release. Doc. No. 1455 at 7. It is not clear that Dixon would derive any additional rehabilitative benefit from additional time on supervised release. *See Aldeen*, 792 F.3d at 252 (discussing the rehabilitative purpose of supervised release).

Even to the extent that Dixon may benefit from continued access to the substance abuse treatment program in which he participated while on supervised release, he does not need to be on supervised release to access those services. As indicated in Dixon's motion, providers that Dixon has worked with while on supervised release have expressed that "he is welcome to return there if he ever needs to resume treatment, regardless of whether he is on federal supervision." Doc. No. 1455 at 7. Moreover, the U.S. Probation Office has reported to me that Dixon has been receiving assistance from community organizations that do not depend on funding from the U.S. Probation Office. Thus, terminating Dixon's supervised release preserves the resources of the U.S. Probation Office without risking Dixon losing access to any services he might want in the future.

Furthermore, keeping Dixon on supervised release will not necessarily protect the public. Recently, Dixon has been charged with violating supervised release by committing another federal, state, or local crime. Doc. No. 1478 at 2-3. If Dixon indeed committed the charged violation, I no longer have reason to believe that supervised release deters Dixon from committing further crimes. Nevertheless, Dixon will face consequences for that violation in state court. The state court has the capacity to detain Dixon if he poses a threat to the public and may

imprison him if he pleads or is found guilty of the charge. I thus conclude that continuing Dixon's supervised release term is not necessary to protect the public.

**IV.    Conclusion**

For the foregoing reasons, Dixon's motion for early termination of supervised release is **granted**. Doc. No. 1455. Dixon has exhausted all rehabilitative purposes of supervised release for his original offense, and I see no reason to extend his term of supervised release. The state court is best situated to impose consequences for Dixon's most recent violation.

It is so ordered.

Dated at Bridgeport, Connecticut, this 8th day of December 2023.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge